1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRANDON FAVOR,**<br><br>Petitioner,<br><br>v.<br><br>**PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>Respondent. | Case No. 1:16-cv-01901 MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1)**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |

Petitioner, Brandon Alexander Favor (aka Brandon Favor-El), a state prisoner confined in California Correctional Institution, Tehachapi, California, proceeding *pro se,* filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, apparently on behalf of two other inmates, Lakon Lee Larrimore and Johnathan Banks.

Favor is well known to this court. Since 2013, he has filed at least sixteen habeas petitions and seven § 1983 complaints in the Eastern District of California as well as additional petitions and complaints in the Central and Southern Districts of California. See Dickerson v. Vasquez, E.D. Cal. Case No. 1:16-cv-01889-DAD-SKO, ECF No. 10.)

**I.   Background**

As with the complaints and petitions that Favor has filed on his own behalf, the

above-captioned petition is rambling, incoherent, and fails to state any cognizable claim for relief under federal habeas corpus law. See Rule 4 of the Rules Governing Section 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The heading includes the name of the "Cochran Law Firm," an actual law firm doing business in Los Angeles, California, and nationwide. The Cochran Law Firm is also listed as a recipient of the petition in the proof of service appended to the pleading. Instead of naming an attorney and specifying his or her bar number, the filer is indicated as, "Favor-G60488-Legal Assistant." (Doc. No. 1 at 1.) "G60488" is the prisoner number assigned to Mr. Favor by the California Department of Corrections and Rehabilitation. In addition to listing himself as a paralegal and/or legal assistant, Favor lists Lakon Lee Larrimore and Johnathan Banks as Petitioners. Favor provides no explanation of his purported basis for presenting  claims on behalf of Larrimore and Banks.

Information concerning the Favor's conviction and sentence has been omitted from the petition filed with the court. Two grounds for relief are stated in the petition. (Doc. No. 1 at 3-4.) Ground one states: "Unestablished evidence found collective where investigatory conditions not probable researching evidence claim where such nature at risk unidentified claim as reasonable under evidence claim presented before the trial court." (Id.) Claim two states: "Newly discovered evidence claim under other identified persons involved with same or similar crime where such natures existing extend influence or crime reaction as a natural and probable consequence where no such relief can be found." (Id.)

The supporting facts allegedly supporting each claim, like the claims themselves, are convoluted and illogical, and fail to support any cognizable federal habeas claim. The claims are not coherent, and do not provide the Court or Respondent sufficient information to comprehend what Petitioner is attempting to assert. (Doc. No. 1.)

The petition only discloses collateral appeals to Los Angeles Superior Court and the "Northern California District Court." (Pet. at 7.)

1  **II.    Discussion**

2      **A.    Screening Standard**

3      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

4  dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

5  petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing

6  Section 2254 Cases.

7      The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

8  answer if the motion attacks the pleadings for failing to exhaust state remedies or being

9  in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418,

10  420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to

11  exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using

12  Rule 4 as procedural grounds to review motion to dismiss for state procedural default);

13  Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a

14  respondent can file a motion to dismiss after the court orders a response, and the Court

15  should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 &

16  n. 12.

17      Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing

18  Section 2254 Cases indicates that the court may dismiss a petition for writ of habeas

19  corpus either on its own motion under Rule 4, pursuant to the respondent's motion to

20  dismiss, or after an answer to the petition has been filed. However, a petition for writ of

21  habeas corpus should not be dismissed without leave to amend unless it appears that

22  no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson,

23  440 F.2d 13, 14 (9th Cir. 1971).

24      As is the case, here, the Court may review the petition to determine if the

25  allegations in a petition are vague, conclusory, palpably incredible, or patently frivolous

26  or false. If so, summary dismissal is appropriate. Hendricks v. Vasquez, 908 F.2d 490,

27  491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76, 97 S. Ct. 1621, 52

28  L. Ed. 2d 136 (1977)).

**B.    Unauthorized Representation by a Non-Attorney**

Favor, who is not an attorney, may not act on behalf of petitioners or any other party proceeding *pro se*. The privilege to proceed *pro se* is personal to the litigant and does not extend to other parties or entities acting on his behalf. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008). "[A] non-attorney may appear only in her own behalf." Cato v. United States, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995). Although a person who is not an attorney may appear *pro se* on his own behalf, see 28 U.S.C. § 1654, "he has no authority to appear as an attorney for others than himself." McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966).

Although the court may take judicial notice of the CDCR inmate directory, which reports that there are inmates named Lakon Lee Larrimore and Johnathan Banks currently incarcerated by the California Department of Corrections and Rehabilitation, the petition provides no basis by which the Court may conclude that Favor filed the petition with Larrimore or Banks' knowledge or permission.

**C.    Vague, Conclusory, Palpably Incredible, or Patently Frivolous or False Allegations**

Summary dismissal is appropriate if the allegations in a petition are vague, conclusory, palpably incredible, or patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Petitioner's claims are incoherent and deficient. (See, generally, Pet. at 3-4.) While Petitioner repeatedly uses terms including 'evidence,' 'claim,' and 'natural and probable consequence,' the Court is not able to discern what Petitioner is attempting to convey, and what errors or legal violations he is attempting to seek a remedy. The pending petition is "patently frivolous." Hendricks, 908 F.2d at 491; In re Hunter, 1995 U.S. Dist. LEXIS 6178, 1995 WL 261459, at *2 (N.D. Cal. 1995) (dismissing habeas petition because it is "a dense and impenetrable mass of verbiage").

Based on the foregoing, it is recommended that the case be summarily dismissed without prejudice for lack of jurisdiction.

4

### D.    Failure to State a Cognizable Claim

28 U.S.C. 2241(c) provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." Title 28 U.S.C. § 2254(a) states, "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See also Rule 1 of the Rules Governing Section 2254 Cases.

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to § 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

The habeas petition filed in this case fails to state a cognizable claim for federal habeas relief. In addition to being vague, and filed on behalf of other inmates, it does not allege a violation of the Constitution or federal law, nor does it argue that the Petitioner or anyone else  is in custody in violation of the Constitution or federal law. While there is mention of newly discovered evidence, the petition provides no elaboration as to what the evidence is or how it supports a federal claim. The allegations contained in the petition are insufficient to state a cognizable claim for habeas relief.

### III.    Order and Recommendation

Accordingly, it is RECOMMENDED that the petition be DISMISSED without leave to amend. Further, the Court ORDERS the Clerk of Court to assign a District Court judge to the instant matter.

These findings  and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636

(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   January 15, 2017                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE